IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE DIANE FRINK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 3:17-cv-473-WC |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

## I. INTRODUCTION

On September 24, 2013, Jacqueline Diane Frink ("Plaintiff") filed an application for a period of disability and disability insurance benefits, alleging that she became disabled on October 23, 2012. The application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ rendered an unfavorable decision dated February 12, 2015. Plaintiff appealed that decision and the Appeals Council remanded the case to the ALJ. Following a June 6, 2016 hearing, the ALJ issued an unfavorable decision dated September 6, 2016, and the Appeals Council denied Plaintiff's request for review. The

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill shall be substituted for Acting Commissioner Carolyn W. Colvin as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").² *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review of that decision under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Docs. 8, 9. Based on the court's review of the record and the parties' briefs, the court REVERSES the decision of the Commissioner and REMANDS this matter to the Commissioner for further consideration.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).³

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

(1) Is the person presently unemployed?
(2) Is the person's impairment severe?

---

² Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

³ A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

(3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
(4) Is the person unable to perform his or her former occupation?
(5) Is the person unable to perform any other work within the economy?
An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The burden of proof rests on the claimant through Step Four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once he or she has carried the burden of proof from Step One through Step Four. At Step Five, the burden shifts to the Commissioner, who must then show that there are a significant number of jobs in the national economy that the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Id*. at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work

---

[4] *McDaniel* is a supplemental security income (SSI) case. The same sequence applies to disability insurance benefits brought under Title II of the Social Security Act. Supplemental security income cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

experience to determine if there are jobs available in the national economy that the claimant can perform. *Id*. at 1239. To do this, the ALJ can use either the Medical Vocational Guidelines ("grids"), *see* 20 C.F.R. pt. 404 subpt. P, app. 2, or call a vocational expert ("VE"). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was thirty-three years old on the date of the ALJ's decision. Tr. 52, 303. She completed high school, graduated from college, and had past work experience as a benefits clerk, electrician, office clerk, and phlebotomist. Tr. 31, 66, 84-85, 412. Following the administrative hearing, and employing the five-step process, the ALJ found at Step One that Plaintiff "has not engaged in substantial gainful activity since October 23, 2012, the alleged onset date[.]" Tr. 28. At Step Two, the ALJ found that Plaintiff suffers from the following severe impairments: "disorders of the spine, nerve damage, migraines, rotator cuff tear, torn neck muscle, PCOS with excessive bleeding s/p hysterectomy, hemorrhoids, and bladder leakage[.]" *Id*. At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]" *Id*. Next, the ALJ articulated Plaintiff's RFC as follows:

> [t]he claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 404.1567(a), except she can only occasionally push and pull with the upper extremities bilaterally. She can only occasionally push and pull with the left lower extremity. She must have a sit/stand option every 30 minutes if needed. She can occasionally stoop, balance, kneel, crouch, and crawl. She can never climb ladders, ropes, or scaffolds. She can frequently reach with the left upper extremity with no restrictions on the right

upper extremity in reaching. She can frequently handle and finger bilaterally. She must avoid concentrated exposure to extreme cold/heat, wetness, humidity, vibrations, and noise. She must avoid all exposure to hazardous conditions such as unprotected heights, dangerous machinery, and uneven surfaces. She can have one to two unplanned absences per month. She is restricted to unskilled work in a low stress environment, meaning no more than simple, short instructions and simple work-related decisions with few workplace changes. She would be unable to work in close proximity to others because she would be easily distracted, thereby affecting her ability to concentrate, focus, and stay on task.

Tr. 28-29. At Step Four, based upon the testimony of a VE, the ALJ concluded that Plaintiff "is unable to perform any past relevant work." Tr. 31. At Step Five, based upon Plaintiff's age, education, work experience, and RFC, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Tr. 32. Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from October 23, 2012, through the date of this decision[.]" Tr. 33.

## IV. PLAINTIFF'S ARGUMENT

Plaintiff presents two issues on appeal:

(1) Whether the ALJ failed to consider the Department of Veterans Affairs ("VA") determination of 100% disability; and

(2) Whether the ALJ failed to use the required psychiatric review technique form (or its mode of analysis) when evaluating [Plaintiff's] mental impairments.

Doc. 11 at 1.

The undersigned will address the first issue because it is dispositive of the case.

## V. DISCUSSION

Plaintiff argues that the ALJ erred by failing to consider her VA disability rating. *Id*. at 8-10. Plaintiff asserts that a VA disability determination, although not binding on

the ALJ, must be considered and afforded great weight. *Id* at 8. In Plaintiff's case, the VA determined that "entitlement to individual unemployability is granted effective January 13, 2012 because you are unable to work due to your service connected disability/disabilities." Tr. 363. Plaintiff's overall combined rating for service-connected disability is 90%, but she is paid at a 100% rate because of individual unemployability. Tr. 363, 369; Doc. 11 at 9. Plaintiff correctly notes that the ALJ's decision "does not mention, much less discredit, the VA rating decision," nor does it "even reference exhibit 11D or 20D that include the VA rating decisions." Doc. 11 at 10.

The Commissioner argues that because the ALJ "properly considered the various medical evidence from the VA and the conditions Plaintiff was treated for there," the ALJ's "assessment of Plaintiff's RFC sufficiently encompassed any limitation suggested by the VA's ratings." Doc. 12 at 5. The Commissioner further argues that because "VA determinations are not binding on the Commissioner, any oversight by the ALJ regarding the VA determination was at most harmless." *Id*. at 6.

The court finds the Commissioner's arguments unavailing. The ALJ's decision does not indicate that he considered Plaintiff's VA disability rating when assessing her claim for benefits. By omitting any discussion of the VA disability rating, the ALJ failed to follow proper legal standards in resolving Plaintiff's disability claim and failed to provide the court with a sufficient basis for review. These errors necessitate remand.

SSA regulations provide that "a decision by any nongovernmental or governmental agency concerning whether an individual is disabled, based on that agency's own rules,

7

does not constitute an SSA decision regarding whether that individual is disabled." *Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 914 (11th Cir. 2015) (citing 20 C.F.R. § 404.1504). However, the Eleventh Circuit has explained that, although a VA disability rating is not binding on the Commissioner, it is evidence that must be considered and entitled to "great weight." *See, e.g.*, *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) ("Although the V.A.'s disability rating is not binding on the [Commissioner], it is evidence that should be given great weight.") (internal quotation marks and citation omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983) ("The findings of disability by another agency, although not binding on the [Commissioner], are entitled to great weight.") (citation omitted); *Kemp v. Astrue*, 308 F. App'x 423, 426 (11th Cir. 2009) ("'A VA rating is certainly not binding on the [Commissioner], but it is evidence that should be considered and is entitled to great weight.'") (quoting *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981)).

In *Brown-Gaudet-Evans v. Commissioner of Social Security*, 673 F. App'x 902 (11th Cir. Dec. 8, 2016), the Eleventh Circuit found that the ALJ erred by assigning "little weight" to the VA's disability determination, reasoning that

> [a]lthough the V.A.'s disability rating is not binding on the [SSA], it is evidence that should be given great weight. *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) [ ]; *see also* 20 C.F.R. § 404.1504 (providing that other government agency decisions about a person's disability status based on that agency's own rules are not binding on the SSA). It is not disputed that the VA's 'disability' determination relies on different criteria than the SSA's determination. But that does not mean that the ALJ can summarily ignore the VA's determination nor give it "little weight." Therefore, the ALJ erred.

*Id*. at 904.

8

Numerous cases in the Eleventh Circuit have followed similar reasoning to find that an ALJ failed to give sufficiently specific reasons for discounting a VA disability determination. *See, e.g.*, *Harris v. Berryhill*, No. 1:15-cv-838-TFM, 2017 WL 4125256, at *5 (M.D. Ala. Sept. 18, 2017) (finding that the ALJ's reasons for discounting the plaintiff's VA disability rating "do not include the level of specificity required to demonstrate that he closely scrutinized the VA determination") (internal quotations omitted); *Dunham v. Colvin*, No. 2:15-cv-622-GMB, 2017 WL 253979, at * 3 (M.D. Ala. Jan. 19, 2017) (finding that the ALJ erred by giving the plaintiff's 100% service-connected disability rating 'little weight' for no reasons other than that the VA uses different criteria than the SSA to determine disability); *Zahnle v. Colvin*, No. 3:15-cv-1117-J-MCR, 2016 WL 4441592, at *2-3 (M.D. Fla. Aug. 23, 2016) (finding that the ALJ "failed to meaningfully consider and address what parts of the VA disability determination he credited versus those he did not").

The reasoning of these cases applies with equal force when an ALJ omits entirely any discussion of the VA disability determination. In *Williams v. Barnhart*, 180 F. App'x 902 (11th Cir. May 23, 2006), the Eleventh Circuit vacated and remanded a case to the Commissioner where it was "undisputed that the ALJ did not reference or address the [VA] Rating Decision" in his decision. The Eleventh Circuit explained that despite the fact that a prior ALJ decision had "addressed at some length [the] VA medical evidence," the ALJ "should specifically also consider and address the VA's Rating Decision itself." *Id.* Likewise, in *Speagle v. Astrue*, No. 3:08-cv-1046-J-JRK, 2010 WL 750341, at *5 (M.D.

Fla. Mar. 4, 2010), the court reversed and remanded after the ALJ failed to address the VA's disability rating. The court observed that

> Because the ALJ made no reference to the VA's disability rating, it is impossible to determine whether the ALJ simply overlooked the VA's disability rating, or whether the VA's disability rating was given the appropriate weight. Without an explanation from the ALJ as to how the VA's disability rating affected his decision, it is impossible to determine whether the ALJ's decision is supported by substantial evidence.

*Id.*

The court concludes that the same result should obtain here. As Plaintiff correctly notes, the ALJ's decision does not mention, much less discredit, the VA rating decision, nor does it reference the exhibits in the record containing the VA decision. Doc. 11 at 10; Tr. 22-33. The ALJ cannot "summarily ignore" the VA's determination. *See Brown-Gaudet-Evans*, 673 F. App'x at 904. The ALJ's decision fails to give the proper weight to the VA disability determination. Moreover, to the extent that the ALJ implicitly discounted the VA disability rating when determining Plaintiff's RFC, the ALJ failed to give sufficiently specific reasons to support that determination. *See id.* Without specific reasons to support the ALJ's decision, the court simply cannot determine whether the ALJ's decision is supported by substantial evidence.

The Commissioner argues that the ALJ "properly considered the various medical evidence from the VA and the conditions Plaintiff was treated for there" and that the "ALJ's assessment of Plaintiff's RFC sufficiently encompassed any limitations suggested by the VA's ratings." Doc. 12 at 5. Based on the authorities discussed above, the court concludes that the ALJ's consideration of the VA medical evidence does not overcome his

failure to address the VA disability rating itself. The clear import of these cases is that an ALJ must meaningfully reckon with a plaintiff's VA disability determination, and, if the ALJ decides to give the rating less than great weight, the ALJ must give specific reasons for doing so. In this case, the ALJ did not meet this standard.

The Commissioner contends that the ALJ's error was harmless and that remand "would serve no practical purpose, would not alter the ALJ's findings, and would be a waste of judicial and administrative resources." *Id*. at 6-7. However, the Commissioner's argument presupposes that the ALJ's decision on remand would be the same. Given the ALJ's failure to appropriately consider the VA's disability determination, and given the great weight that such a determination should be afforded, the court cannot be so certain. Consequently, the court concludes that the ALJ's decision should be reversed and remanded to the Commissioner for further proceedings. On remand, the ALJ is not required to give the VA's disability determination controlling weight. *See Brown-Gaudet-Evans*, 673 F. App'x at 904. However, in determining whether Plaintiff is disabled, the ALJ must "seriously consider and closely scrutinize the VA's disability determination and must give specific reasons" if he chooses to discount that determination. *Id.* As part of that requirement, the ALJ should point to the evidence in the record—or lack thereof—to support his reasoning.

Because the court concludes that the ALJ erred by failing to properly consider the VA's disability determination, the court pretermits discussion of the remaining issue raised by Plaintiff.

## VI. CONCLUSION

For all of the reasons given above, the undersigned Magistrate Judge concludes that the decision of the Commissioner is REVERSED and this matter is REMANDED back to the Commissioner of Social Security for further proceedings consistent with this opinion. A separate judgment will issue.

Done this 9th day of October, 2018.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE